**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4523

CLARENCE WILLIAM WEST, a/k/a Sld
Dft 5:96:CR10-1, a/k/a Will,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-10)

Submitted: March 16, 1999

Decided: March 29, 1999

Before WIDENER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellant. Timika Shafeek, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clarence William West pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base and marijuana in violation of 21 U.S.C. § 846 (1994). West appeals from the district court judgment sentencing him to 210 months' imprisonment. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying downward departure to West. West was informed of his right to file a pro se supplemental brief but has failed to do so.

Prior to sentencing, West contended that the pre-sentence report's criminal history category over-represented his prior criminal history and that departure was warranted under § 4A1.3 of the Sentencing Guidelines. See United States Sentencing Guidelines Manual § 4A1.3 (1995). West's criminal history was determined to be Category III based on six points assessed under the Guidelines. Four points were assessed for convictions for (1) assault with a deadly weapon; (2) allowing a vicious dog to run at large; (3) driving while license revoked; and (4) a noise ordinance violation. Two additional points were assessed because West was on probation when he committed the drug offense. West argued that the convictions for allowing his dogs to run loose and driving with a revoked license, as well as the noise ordinance violation, were not serious enough to be considered in calculating his criminal history. The court agreed as to the conviction concerning the dogs and the noise ordinance violation. The court determined, however, that the point assessed for driving with a revoked license should not be excluded in calculating the criminal history.

In making that decision, the court considered that the revoked license conviction was one in a series of motor vehicle violations between 1992 and 1994. At the time of the conviction, West had two recent prior convictions for driving without a license and two more for operating a motorcycle without a motorcycle endorsement. The court stated that because of the numerous prior convictions, "without the Government making concession on that point, I don't think a judge can in good conscience delete that particular point. . . ." After

2

subtracting the two points for the dog and noise ordinance incidents, West was left with four criminal history points. This kept him at Level III. If the court had excluded the driving conviction, West would have had a Level II criminal history category. The court also declined to grant West's motions for downward departure based upon the totality of the circumstances and diminished capacity. See USSG §§ 5K2.0, 5K2.13. West received a 210 month sentence, the lowest sentence within the guidelines range.

A district court's decision not to depart from the Sentencing Guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). West argues that the district court misunderstood its authority to depart. He contends that the court believed it could not exclude the motor vehicle conviction from the criminal history calculation because West received two years' probation on the charge. (A conviction of driving with a revoked license is not considered in the criminal history assessment unless there was a resulting sentence of probation of at least one year or a term of imprisonment of at least thirty days. See USSG § 4A1.2(c)(1)). The record establishes, however, that the court fully understood its authority to decline to include the conviction in the calculation. Furthermore, West's argument is inconsistent with the court's decision to exclude from the calculation the conviction concerning West's dogs even though West received three years' probation for that violation. Because the court did not misunderstand its authority to exclude the violation in the criminal history calculation, the court's refusal to do so is not subject to appellate review.

West also contends that when the district court reviewed West's criminal history, it should not have considered each offense for which West was assessed points individually. Instead, he argues, it should have considered only the Criminal History III category and decided if it overstated West's history. This argument, however, is simply another attempt to challenge the court's refusal to depart from the criminal history category.

Addressing the court's refusal to grant downward departure based upon the totality of the circumstances and alleged reduced mental capacity, the court considered the arguments concerning departure

3

and determined that departure was not warranted. Sentencing was within the range provided by the Guidelines, and there was no question as to the court's authority to depart. Therefore, appellate review is not available.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm West's sentence. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. <u>See</u> 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. <u>See id.</u>

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>